ZEHMER, Judge.
Joseph and Adita Wolfe, the plaintiffs below, appeal a final judgment rendered in favor of Gencorp, Inc., and General Tire Service. They contend the trial court erred in refusing to admit in evidence a defective tire and expert testimony based thereon. For the reasons stated below we reverse and remand for a new trial.
This is the second time this action has been before this court. In the earlier action, Gencorp appealed a jury verdict entered on behalf of the Wolfes in their suit against Gencorp for breach of implied warranty of merchantability, strict liability in tort, and negligence. We reversed and remanded for a new trial upon the holding that the trial court erred in admitting the defective tire and expert testimony relating to the tire because a proper predicate showing that the tire being offered was then in the same condition as it was at the time of the accident had not been established by the plaintiffs. We stated:
Gencorp first contends that the trial court committed reversible error in failing to strike from evidence the tire and the expert’s testimony thereon, in that Wolfe failed to show that the tire presented was the one involved in the accident. We agree. Despite Wolfe’s testimony that the tire was the one at issue, neither this testimony nor any other evidence showed that the tire was in substantially the same condition at trial as at the time of the accident. The lack of such evidence is fatal to the admissibility of demonstrative evidence ... and consequently to the expert’s testimony thereon.
Gencorp, Inc. v. Wolfe, 481 So.2d 109, 111 (Fla. 1st DCA 1985), rev. denied, 491 So.2d 281 (Fla.1986) (emphasis added).
Upon retrial, Joseph Wolfe proffered testimony that the tire was in substantially the same condition at trial as at the time of the blowout. Wolfe identified the tire, stating that the blowout was “between the center and outside edge of the tire.” Following arguments of counsel, the trial court ruled that the tire and the expert’s testimony based thereon would be excluded from evidence, stating:
The problem that I have is that the appellate court recognizes that Mr. Wolfe did, in fact, testify that this was the tire in issue, and they say that. But notwithstanding that, they also say that Mr. Wolfe failed to show that the tire *1156 presented was the one involved in the accident, and I assume that they mean that to be as a matter of law, that the identification was not sufficient under the circumstances, as a matter of law, to raise it to what would be a jury question. And I think that is the clear language that we have now.... At this time, I believe that the ruling of the DCA precludes the identification and introduction of that item of evidence, as well as any expert testimony that would be elicited to testify as to its condition.
(R. 64-65). The jury returned a verdict for appellees.
The trial court erroneously interpreted our opinion. Despite the apparent ambiguity of the statements in that opinion, we held that the Wolfes’ failure to present testimony or other evidence showing that the tire was in substantially the same condition at trial as at the time of the accident was fatal to the admissibility of the tire because the Wolfes failed to prove an essential predicate to admissibility, viz., that the tire remained in the same condition from the accident to the trial. We did not hold as a matter of law that plaintiffs could not present further evidence at a new trial to prove the required predicate to admissibility of the tire; had we intended such a result we would have ordered judgment entered for the defendants based on the insufficiency of the evidence to prove a case. When the trial court rules evidence is admissible upon the predicate laid and the appellate court reverses for insufficiency of the predicate, the party offering the evidence must be afforded a new opportunity to establish a predicate for admissibility under the test applied by the appellate court. This is only fair because plaintiffs had presented all the evidence ruled necessary by the trial court to have the tire admitted and were not required to take the next step and present further evidence at that time. Thus, upon retrial pursuant to our opinion, when the appellants proffered the testimony of Joseph Wolfe identifying the tire as the one involved in the accident and stating that the tire was in substantially the same condition as it was at the time of the accident, his testimony was sufficient to lay the required predicate for admission of the demonstrative evidence. Whether this testimony was believable and supported an inference that this tire caused plaintiffs injuries became a matter for the jury to decide.
REVERSED AND REMANDED FOR A NEW TRIAL.
MILLS and SHIVERS, JJ., concur.